UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIAS SEDA,

                    Plaintiff,

          v.

FEDERAL EMERGENCY
MANAGEMENT AGENCY,

                    Defendant.

**MEMORANDUM & ORDER**
25-CV-2783 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Elias Seda, proceeding *pro se*, brings this action against Defendant Federal

Emergency Management Agency ("FEMA").  Plaintiff alleges violations of the Stafford Act, 42

U.S.C. § 5121 *et seq.*; Administrative Procedures Act ("APA"), 5 U.S.C § 706; FEMA

regulations; the Fifth Amendment; as well as several tort claims under state law and the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), asserting that FEMA wrongfully withheld and

improperly denied rental assistance from Plaintiff in the aftermath of Hurricane Ida.  *See* ECF

No. 10 (Amended Complaint; "AC").[1]  FEMA moves to dismiss the Amended Complaint for

improper service, under Fed. R. Civ. P. 4(i)(4); lack of subject matter jurisdiction, under Rule

12(b)(1); and failure to state a claim, under Rule 12(b)(6).  *See* ECF No. 12 (Defendant's Motion

to Dismiss, "Mot.").

For the reasons that follow, FEMA's motion is GRANTED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

### I.      Relevant Facts

After Hurricane Ida, FEMA inspected Plaintiff's home, located at 221 Roebling Street, Apartment 5 in Brooklyn, and "declared the residence uninhabitable and approved Plaintiff for rental assistance and storage assistance."  AC at 2.  Relying on this approval, Plaintiff "relocated," "submitted rent and storage documentation," "followed all FEMA procedures" and, after purported errors by FEMA, "filed multiple appeals."  *Id.*

FEMA paid Plaintiff approximately $13,039 but allegedly "withheld the remaining approved assistance" and left Plaintiff with "$26,000 in unpaid rent and storage debt."  *Id.* Beyond FEMA's allegedly improper withholding, Plaintiff further claims that FEMA "improperly denied [him] additional rental assistance . . . without issuing any lawful written calculation showing how [receiving $215 per month in state shelter assistance] legally eliminated over one year of federally approved rental assistance."  *Id.*

Plaintiff then "submitted multiple appeals, [provided] all required documentation, and complied with every deadline," and "fully exhausted all FEMA administrative remedies."  AC at 3.  FEMA twice "asserted that Plaintiff was receiving [other] public assistance affecting eligibility."  ECF No. 15 (Plaintiff's Opposition, "Opp.");  ECF No. 14–1 at 3–4 (Duplicative

---

[2]      The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).  Although the general rule is that a plaintiff may not raise new allegations in his opposition to a motion to dismiss, because Plaintiff is representing himself, the Court will nevertheless grant him some leeway by considering the allegations in the Amended Complaint; Opposition; Affirmation and Exhibits; and Sur-Reply in deciding the motion.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

Benefit Denials).  Plaintiff then "removed [non-FEMA] rental assistance from his budget," but still suffered the "[s]ubsequent removal of rental assistance entirely."  Opp. at 2.  As a result of these alleged FEMA transgressions, Plaintiff claims he suffered "$26,000 in unpaid rent and storage debt" and "severe emotional and psychological trauma" stemming from threats received from his landlord, which caused Plaintiff to live in "constant fear of eviction, lawsuits, and violence."  AC at 3, 5.

## II.    Procedural History

On September 22, 2023, Plaintiff filed a *pro se* complaint against FEMA in King's County Supreme Court of the State of New York.  *See* ECF No. 1, Ex. 1; *Seda v. FEMA*, Index No. 709/2023.[3]  The United States Attorney's Office for the Eastern District of New York ("EDNY") received notice of the matter on May 5, 2025, and removed the lawsuit to the United States District Court for the Eastern District of New York on May 19, 2025.  ECF No. 1; Mot. at 10–11.  On December 9, 2025, Plaintiff filed an Amended Complaint.  ECF No. 10.  FEMA filed its motion to dismiss on January 26, 2026.  ECF No. 12.  Plaintiff filed an opposition to FEMA's motion to dismiss on February 20, 2026.  ECF No. 15.  In support of his Opposition, Plaintiff also filed an affirmation, which contained 15 exhibits.  ECF Nos. 13 & 14 (Affirmation and Exhibits, "Aff. & Ex.").  Three weeks later, FEMA filed its reply.  ECF No. 16 (FEMA's Reply, "Reply").  On March 25, 2026, without obtaining leave of the Court, Plaintiff filed a response to Defendant's Reply.  ECF No. 17 (Plaintiff's Sur-Reply, "Sur-Reply").[4]

---

[3]    The Court may take judicial notice of dockets from other courts' proceedings because they are public records, including when deciding whether to dismiss a complaint.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[4]    Although filing the Affirmation and Exhibits and Sur-Reply without leave of court was procedurally improper, the Court nevertheless considers the allegations and arguments raised, in

The Amended Complaint asserts eight total causes of action:  a Stafford Act violation for approving and failing to properly administer rental and storage assistance (Claim I); violations of "mandatory rules governing calculations, notices, and appeals" (Claim II); an APA claim for arbitrary and capricious agency action (Claim III); a Fifth Amendment due process claim for "deni[al] [of] fair notice, accurate determinations, and meaningful appellate review" (Claim IV); three tort claims for negligent administration of disaster assistance (Claim V), emotional distress (Claim VI), and an FTCA negligence claim (Claim VII); and lastly an *ultra vires* agency action claim alleging FEMA acted "beyond its lawful authority" (Claim VIII).  *See generally* AC.

FEMA moves to dismiss Plaintiff's claims for:  (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1), because sovereign immunity shields federal agency from suit and FEMA has not waived its immunity, Mot. at 6; (2) failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because "Plaintiff has failed to allege any plausible facts supporting" a claim and Plaintiff "failed to exhaust his administrative remedies prior to bringing" the Amended Complaint, *id.*; and (3) for improper service under Rule 4(i)(1), Mot. at 20.[5]

## LEGAL STANDARD

### A.    *Federal Rule of Civil Procedure Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

---

light of Plaintiff's *pro se* status.  *See Wharff v. State Univ. of New York*, No. 02-cv-488, 2009 WL 3233409, at *8 (E.D.N.Y. Sept. 30, 2009).

[5]    Defendant asserts that it was not properly served with the Amended Complaint.  Mot. at 19–20.  Because the Court finds that the Amended Complaint must be dismissed on other grounds, an analysis of whether "plaintiff[] fail[ed] to serve process properly[ ] would be superfluous." *Tannenbaum v. Rabin*, No. 95-cv-4357, 1996 WL 75283, at *6 (E.D.N.Y. Feb. 13, 1996).

*United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  In considering a Rule 12(b)(1) motion, the court "must accept as true all material factual allegations in the complaint." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  However, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).  Rather, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists." *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023).  To resolve a jurisdictional issue, the court may refer to "affidavits and other materials beyond the pleadings." *J.S.*, 386 F.3d at 110.  When a party moves to dismiss under Rule 12(b)(1) as well as on other grounds, courts "consider the Rule 12(b)(1) challenge first" because if a court finds that it lacks subject matter jurisdiction, then the defendant's other "defenses and objections become moot and do not need to be determined." *Daly v. Citigroup, Inc.* 939 F.3d 415, 426 (2d Cir. 2019).

        B.       *Federal Rule of Civil Procedure Rule 12(b)(6)*

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell v. Annuci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).  In making this assessment, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d

499, 510 (2d Cir. 2007).  The Court must, however, disregard any "conclusory allegations, such as formulaic recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*

### C.    Pro Se Plaintiff

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).  "A *pro se* litigant, however, is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Ramos-Nunez v. United States*, No. 14-cr-102, 2019 WL 1300811, at *4 (S.D.N.Y Mar. 21, 2019) (quoting *Traguth v. Zuck*, 710 F.2d 90, 96 (2d Cir. 1983)).

### DISCUSSION

### I.    Subject Matter Jurisdiction

The Court begins by determining if it has jurisdiction over Plaintiff's claims before turning to the substance of any surviving portion of the Amended Complaint because if the Court finds it lacks subject matter jurisdiction, FEMA's other "defenses and objections become moot and do not need to be determined." *Daly*, 939 F.3d at 426.  For the reasons explained below, the Court lacks subject matter jurisdiction over several of Plaintiff's claims, which are premised on FEMA's alleged actions when administering disaster aid in response to Hurricane Ida, because they are barred by sovereign immunity and/or the APA.

6

### A.      Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  A waiver cannot be implied but must be "unequivocally expressed in statutory text" and "strictly construed . . . in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).  "[T]he plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova*, 201 F.3d at 113.

FEMA argues that sovereign immunity bars all of Plaintiff's claims because:  (i) the Stafford Act "precludes judicial review of discretionary disaster assistance decisions," and (ii) "FEMA has not waived sovereign immunity over the discretionary provision of disaster assistance underlying Plaintiff's claim."  Mot. at 6, 11.  Plaintiff responds that sovereign immunity does not apply because he alleges procedural and administrative violations of mandatory, nondiscretionary regulations, rather than challenging discretionary policy decisions. *See* AC at 1–2; Opp. at 2.

As an initial matter, the Court lacks subject matter jurisdiction over Plaintiff's Fifth Amendment due process (Claim IV), state tort (Claims V and VI), and mandatory regulation (Claim II) claims because FEMA has not waived sovereign immunity.  Specifically, Plaintiff's Fifth Amendment due process claim (Claim IV) and his claim premised on FEMA's alleged failure to comply with mandatory regulations (Claim II) are barred because no statute provides an express waiver for claims of their kind.  *See Lane*, 518 U.S. at 192.  Likewise, Plaintiff's negligent administration and emotional distress claims (Claims V and VI) are barred because

they are not pleaded under the FTCA. *See Meyer*, 510 U.S. at 475. Even if brought under the FTCA, however, both tort claims would fail for the reasons discussed *infra* Part I.A.i–iii.[6]

Next, the Court lacks subject matter jurisdiction over Plaintiff's claims for violations of the Stafford Act (Claim I) and FTCA (Claim VII) because they are barred by the discretionary function exception.[7] Even where sovereign immunity has been statutorily waived, government liability is often subject to exceptions, including, as relevant here, the discretionary function exception. *See e.g., In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 190 (2d Cir. 2008). For all acts that fall within this exception, "the United States has not waived its sovereign immunity, and federal courts lack subject matter jurisdiction over claims premised on those acts." *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021).

The statutes at issue here—the FTCA and Stafford Act—each contain exceptions for discretionary functions. Under the FTCA, a plaintiff may sue the United States for injuries "caused by the negligent or wrongful act or omission" of a federal government employee acting within the scope of his or her employment, "under circumstances where the United States, if a

---

[6]    Moreover, even absent a jurisdictional bar, Plaintiff's tort claims (Claims V, VI, and VII) would fail under Rule 12(b)(6) because Plaintiff failed to exhaust his administrative remedies before filing the Amended Complaint. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *McNeil v. United States*, 508 U.S. 106, 112–13 (1980) (finding the "most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process" even where a party "proceed[s] without counsel").

[7]    Although FEMA does not raise the issue, the Court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claim (Claim VII) for an additional reason: the claim is not brought against a proper defendant. *See Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) ("The FTCA . . . precludes tort suits against federal agencies. The only proper federal institutional defendant in such an action is the United States."); *Torres v. United States*, No. 07-cv-1390, 2008 WL 2157124, at *5 (E.D.N.Y. May 20, 2008) ("Because a FTCA action may only be pursued against the United States, all of Plaintiff's claims against Defendants other than the United States are [dismissed].").

8

private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Importantly, however, the FTCA excepts from liability "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  "[T]he Stafford Act and relevant regulations authorize and prescribe the federal response to major disasters."  *See Keita v. FEMA*, No. 17-cv-885, 2021 WL 3549876, at *3 (E.D.N.Y. Aug. 11, 2021).  While, unlike the FTCA, the Stafford Act "does not contain a separate waiver of sovereign immunity," *Konashenko v. FEMA*, No. 12-cv-3034, 2014 WL 1761346, at *4 (E.D.N.Y. Apr. 29, 2014), it explicitly provides that:  "[t]he Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter."  42 U.S.C. § 5148.

To determine whether the discretionary function exception applies, courts use the two-part "*Berkovitz/Gaubert*" test.[8]  Under this test, the discretionary function exception bars a claim where actions:  (1) involve an "element of judgment or choice" and (2) are "based on considerations of public policy."  *See United States v. Gaubert*, 499 U.S. 315, 322–23 (1991) (citing *Berkovitz ex rel. Berkovitz*, 486 U.S. 531, 536–37 (1988)).  An act does not involve an element of judgment or choice where "a federal statute, regulation, or policy specifically

---

[8]    "[The Stafford Act] has a discretionary function exception with the same meaning as an exception set forth in the Federal Tort Claims Act, such that courts often look to FTCA exception jurisprudence in construing Stafford Act exceptions."  *Konashenko*, 2014 WL 1761346, at *4 (citing *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 319 (5th Cir. 2009)).  The Court's analysis of FEMA's actions under *Berkovitz/Gaubert* therefore addresses both the Stafford Act and FTCA.

prescribes a course of action for an employee to follow. . . . [And therefore] the employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536. And only acts "based on the purposes that the regulatory regime seeks to accomplish" are protected as considerations of public policy. *See In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d at 195.

As explained below, FEMA's alleged actions satisfy both prongs of the *Berkovitz/Gaubert* test, and Claims I and VII are therefore jurisdictionally barred.[9]

      i.      <u>Plaintiff Points to No Specific Mandatory Directive that FEMA Violated</u>

Beginning with the first prong of the *Berkovitz/Gaubert* analysis, the Court evaluates if FEMA's alleged actions involved an "element of judgment or choice." *Gaubert*, 499 U.S. at 322. Here, the Court looks to the Stafford Act, 44 C.F.R. §§ 206.110–206.119, and the Individual Assistance Program and Policy Guide ("IAPPG")[10] to answer whether "a federal statute, regulation, or policy specifically prescribe[d] a course of action" for FEMA's employees to follow. *Berkovitz*, 486 U.S. at 536. For his part, Plaintiff argues that there exist "mandatory rules governing calculations, notices, eligibility, and appeals" under 44 C.F.R. §§ 206.110–206.115, which FEMA allegedly violated. AC at 3. The Court finds that neither the rules to which Plaintiff cites, nor the applicable statutory provisions, regulations, or internal policies, "specifically prescribe a course of action" for FEMA's employees to follow. Below, the Court looks to each in turn before addressing the provisions cited by Plaintiff.

---

[9]     Plaintiff's APA Claim (Claim III) is also jurisdictionally barred but on different grounds than those claims discussed here. *See infra* Part I.B. And as discussed above, Claims II, IV, V, and VI are jurisdictionally barred by sovereign immunity.

[10]     The Court may look to "other materials beyond the pleadings" to resolve a jurisdictional issue. *J.S.*, 386 F.3d at 110. And the Court may take judicial notice of "documents from official government websites." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023).

The Stafford Act provides statutory authority for FEMA's federal disaster response activities. 42 U.S.C. § 5121 *et seq*. It is designed to assist the efforts of States affected by major disasters "in expediting the rendering of aid, assistance, and emergency services, and the reconstruction and rehabilitation of devastated areas." 42 U.S.C. § 5121(a). The Stafford Act's language is clear that the provision of disaster relief is discretionary: "[i]n any major disaster, the President may . . . direct federal agencies . . . coordinate all disaster relief . . . provide technical and advisory assistance . . . and assist state and local governments[.]" 42 U.S.C. § 5170a. It also grants the President the authority, beyond the above general power, to provide direct assistance to individuals through the Individuals and Households Program ("IHP"): "the President . . . may provide financial assistance, and, if necessary, direct services, to individuals and households[.]" 42 U.S.C. § 5174(a)(1).

FEMA's accompanying regulations further provide discretionary instruction. "In general, FEMA may provide assistance to individuals and households who qualify for such assistance[.]" 44 C.F.R. § 206.113(a). And with respect to the IHP, the regulations provide that: "[o]ne or more types of housing assistance may be made available[.]" 44 C.F.R. § 206.110(c). Moreover, FEMA's internal policies are similarly drafted with discretionary language. The IAPPG provides that FEMA may provide financial assistance "to pre-disaster homeowners or renters to rent alternative temporary housing if they are displaced from their primary residence as a result of a Presidentially-declared disaster" or when "disaster has caused damage that affects the habitability of the home." Federal Emergency Management Agency, *Internal Assistance Program and Policy Guide* (IAPPG), FP 104-009-03, at 78, 80 (Version 1.1, May 2021). Meanwhile, the appeals section of the guide says nothing beyond "a caseworker with no prior

11

involvement in the case reviews the appeal" and that "FEMA notifies applicants in writing about the appeal decision within 90 days of the receipt of the appeal letter." *Id.* at 67.

The Court now looks specifically to the regulations cited in the Amended Complaint that purport to impose a mandatory directive on FEMA. Though Plaintiff fails to point to specific provisions that he alleges require FEMA to follow a set course of action, he nevertheless directs the Court to 44 C.F.R. §§ 206.110–206.115 and claims that these regulations contain "mandatory rules governing calculations, notices, eligibility, and appeals." AC at 3. The Court finds no such prescriptive provisions relevant to the Amended Complaint. First, with respect to "calculations," there are no mandated results, only guidelines. *See generally* 44 C.F.R. § 206.110. In fact, the only area of the regulations cited by Plaintiff which provides any mandatory direction to the agency with respect to the calculation of relief involves a prohibition on action: "FEMA will not provide assistance . . . when any other source has already provided such assistance or when such assistance is available from any other source." 44 C.F.R. § 206.110(h).[11] Next, when addressing eligibility, the regulations are abundantly clear in their permissive terms: "FEMA may provide assistance to individuals and households who qualify" and such assistance may only be provided if certain conditions are satisfied. 44 C.F.R. § 206.113(a). Not once in this section do prescriptive terms appear. And finally, with respect to "notice" and "appeals," the regulations provide simply that "FEMA . . . will review. . . . [and] will give . . . written notice." 44 C.F.R. § 206.117(e). Nothing in the regulations mandates FEMA to reach a certain decision with respect to its distribution of disaster aid relief or the means in which it makes such dispersals.

---

[11]    The Court pauses to note the relevance of this mandatory provision because here Plaintiff admits that he received assistance from another source. *See* AC at 1–2; Opp. at 2.

Because the Stafford Act, its accompanying regulations, and the IAPPG are clearly discretionary, FEMA did not violate them by withdrawing or denying its aid from Plaintiff. Plaintiff therefore fails to satisfy the first prong of *Berkovitz/Gaubert.*

ii.        FEMA's Alleged Conduct Was Susceptible to Policy Analysis

The second inquiry under the *Berkovitz/Gaubert* test looks at whether "the judgment or choice in question [is] . . . grounded in considerations of public policy or susceptible to policy analysis." *Cangemi*, 13 F.4th at 130–31.  Put differently, the second prong asks courts to determine whether the "judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536.  Where, as here, "established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324.  Plaintiff fails to rebut that presumption.

"[D]istribution of disaster grants is a discretionary act grounded in social and economic public policy which may not be second guessed by the courts."  *Keita*, 2021 WL 3549876, at *6 (citing *Dubow v. FEMA*, No. 16-cv-3717, 2018 WL 472816, at *6 (E.D.N.Y. Jan. 18, 2018); *Konashenko*, 2014 WL 1761346, at *5).  And the Second Circuit has found that "the discretionary [function] exception in the Stafford Act serves to prevent judicial second-guessing of agency decisions." *Dubow*, 2018 WL 472816, at *6 (citing *In re World Trade*, 521 F.3d at 192).  "Additionally, allocation of disaster relief funds under the Stafford Act and redistribution of those same funds to best serve the interests of the public under the Policy are clearly acts based on the purposes that the Stafford Act regulatory regime seeks to accomplish." *Id.* (citing *Gaubert*, 499 U.S. at 325 n.7).

13

Here, each of Plaintiff's claims concern the allocation and redistribution of disaster relief funds under the Stafford Act.  Such action is well established as being "grounded in social and economic public policy which may not be second guessed by the courts."  *Keita*, 2021 WL 3549876, at *6.  As explained below, Plaintiff's attempts to argue otherwise are unavailing.  *See infra* Part I.A.iii.  Therefore, FEMA's actions in the present case are grounded in public policy.  Because Plaintiff has not rebutted the presumption that FEMA's alleged decision in this case was not at least susceptible to policy analysis, he cannot overcome the second hurdle of the *Berkovitz/Gaubert* framework.

iii.      <u>Plaintiff's Attempts to Bypass the Discretionary Function Exception Fail</u>

Plaintiff attempts to distinguish his claims on the basis that he is not "challeng[ing] . . . FEMA's discretionary authority" but rather is contesting "post approval implementation failures" by "alleg[ing] that FEMA approved rental assistance, induced reliance, and then failed to disburse approved benefits while imposing inconsistent, procedurally defective, and duplicative documentation requirements."  Opp. at 1, 3.  FEMA argues that this is a "distinction without a difference."  Reply at 2.  The Court agrees with FEMA and finds these actions to remain under the umbrella of the discretionary function exception.

Plaintiff's allegations rest on his assertions that "FEMA approved" and then "failed to disburse" rental assistance.  Opp. at 2; *see* AC at 2.  Specifically, Plaintiff asserts that "once FEMA approved rental assistance, it was required to implement that decision in accordance with its own regulations and procedure," Opp. at 3, including "44 C.F.R. §§ 206.110–206.115," AC at 1.  Plaintiff claims that these procedures are "mandatory [and] nondiscretionary."  *Id.*  These conclusory allegations are belied by the text, and the Court's analysis of the relevant statutes and regulations supports their permissive and discretionary interpretation.  *See supra* I.A.i.

14

Moreover, looking to *Dubow*, it is clear from that court's use of the words "redistribution," "reallocate," and "reassigning," that FEMA retains discretion over disaster relief funds through the entire distribution process. 2018 WL 472816, at*6 ("[R]eassigning . . . disaster relief funds . . . [is] a discretionary act that is protected by sovereign immunity under the Stafford Act."). In *Dubow*, the disaster relief funds were "reassign[ed]" from one hospital to another. Here, though there is not a third party to whom funds are being assigned, FEMA's alleged withdrawal of aid nonetheless remains an act of "reassigning" disaster relief funds from Plaintiff back to its coffers. Because "the focus is on the nature of the decision, not on the semantic pigeonhole into which the action can be put," *Cope v. Scott*, 45 F.3d 445, 449–50 (D.C. Cir. 1995), no matter how Plaintiff frames it, FEMA's actions, including the alleged "post-approval implementation" failures, clearly constitute the "allocation of disaster relief funds" and are thereby entitled to the protection of the discretionary function exception.

Plaintiff next argues that his constitutional law claim alleging that "FEMA denied [him] fair notice; accurate determinations; and meaningful appellate review," AC at 4, is exempted from sovereign immunity's inoculation because "Courts recognize that constitutional and procedural violations remain reviewable . . . under the Stafford Act," Opp. at 4; *see Konashenko*, 2014 WL 1761346, at *7. While this is true, such constitutional claims must be 'colorable'. *See Webster v. Doe*, 486 U.S. 592, 603 (1988); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."). In response, FEMA argues that Plaintiff's claim is frivolous and that there is no absolute constitutional right to

15

discretionary FEMA benefits.  Reply at 4–6.  The Court agrees and finds that without such a constitutional right, Plaintiff's Claim IV is frivolous and not colorable.

To prevail on a Fifth Amendment due process claim, Plaintiff must first establish that he had a constitutionally protected property interest.  *See Leroy v. N.Y. City Bd. of Elections*, 793 F. Supp. 2d 533, 537 (E.D.N.Y. 2011).  "To have a property interest in a benefit, a person . . . must . . . have a legitimate claim of entitlement to it."  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion."  *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756 (2005).  Conversely, where "statutes or regulations 'meaningfully channel[ ] official discretion by mandating a defined administrative outcome,' a property interest will be found to exist."  *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005) (quoting *Sealed v. Sealed*, 332 F.3d 51, 56 (2d Cir. 2003)).

The statutes and regulations to which Plaintiff cites, and which govern distributions of disaster proceeds, do not "mandat[e] a defined administrative outcome," *Town of Castle Rock*, 545 U.S. at 756, but rather permit government officials the ability to grant or deny applications in their discretion, *Kapps*, 404 F.3d at 113; *see supra* Part I.A.i.  Even liberally construed, there is no ambiguity:  emergency benefits granted by FEMA do not constitute a protected property interest.  And, moreover, other courts in this District have previously held the same.  *See Dubow*, 2018 WL 472816, at *8; *Konashenko*, 2014 WL 1761346, at *8.  The Court agrees and the facts alleged in this case support the same conclusion.  Indeed, Plaintiff even concedes as much in his Sur-Reply.  *See* Sur-Reply at 1 ("Plaintiff . . . does [not] claim entitlement to benefits as a constitutional right.").  Without a property interest, the Plaintiff has no due process claim and the court dismisses Claim IV accordingly.

16

\*          \*          \*

Plaintiff fails to navigate the Amended Complaint around the barrier posed by sovereign immunity and, therefore, his Claims I, II, IV, V, VI, and VII are dismissed for lack of jurisdiction under Rule 12(b)(1).

### B.     Plaintiff may not Bring a Claim Under the APA

Plaintiff brings Claim III under the APA, alleging that FEMA's actions were arbitrary and capricious; contrary to law; based on false data; and unsupported by substantial evidence. *See* AC at 4.  He further argues that because FEMA "violat[ed] mandatory regulations, sovereign immunity does not apply, and judicial review is authorized under 5 U.S.C. § 702." *Id.* at 2. Though FEMA's brief misquotes the Amended Complaint and improperly attributes Plaintiff's argument concerning the FTCA to his APA claim, FEMA nonetheless argues that § 702 has no bearing on sovereign immunity.  *See* Mot. at 14.  The Court agrees with FEMA and dismisses Claim III for lack of jurisdiction.

The APA allows for judicial review of agency action that has "adversely affected or aggrieved" a person within the meaning of the relevant statute.  5 U.S.C. § 702.  Importantly, however, the APA limits its scope and does not permit review if "statutes preclude judicial review" or "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).  "In other words, either an express incorporation of sovereign immunity or agency discretion precludes APA applicability." *Dubow*, 2018 WL 472816, at \*5.

Here, the Stafford Act precludes judicial review twice over by both expressly incorporating sovereign immunity and committing FEMA's action to FEMA's discretion.  *See* 42 U.S.C. §§ 5148, 5170b, 5174; 5 U.S.C. § 701(a).  Plaintiff's assertion that FEMA's actions constituted final agency action under § 704, *see* Mot. at 4, and therefore merit APA review, does

17

not save his claim. *See Heckler v. Chaney*, 470 U.S. 821, 828 (1985) ("[B]efore any review at all may be had, a party must first clear the hurdle of § 701(a)."). Plaintiff cannot clear § 701(a) and therefore cannot bring an actionable APA claim. Because this court lacks the statutory power to adjudicate it, the Court dismisses Claim III for lack of jurisdiction under 12(b)(1).

## II.     *Ultra Vires* **Claim**

Plaintiff's final claim (Claim VIII) is an allegation of *ultra vires* agency action in which he asserts that FEMA acted beyond its lawful authority by "[m]isapplying shelter offsets; [u]sing false residence data; [and] [i]gnoring mandatory procedures." AC at 4. FEMA fails to acknowledge Plaintiff's claim in either its Motion or its Reply. Consequently, the Court considers *sua sponte* whether the claim must be dismissed.

"District courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). For cases involving a *pro se* litigant, however, this power "must be reserved for . . . [a] complaint [that] is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that . . . the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000) (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999)).

*Ultra vires* review is available where "an agency has taken action entirely in excess of its delegated powers and contrary to a specific prohibition in a statute." *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025). This exception, known as the *Kyne* exception, is narrow and exacting and "it does not apply simply because an agency has arguably reached a conclusion which does not comport with the law. . . . Rather, it applies only when an agency has taken action entirely in excess of its delegated powers and contrary to a specific prohibition in a

18

statute." *Id*. Moreover, "[c]ourts must be exceedingly cautious of exercising *ultra vires* review because it seeks the intervention of an equity court where Congress has not authorized statutory judicial review." *Metro. Transp. Auth. v. Duffy*, No. 25-cv-1413, 2026 WL 588117, at *61 (S.D.N.Y. Mar. 3, 2026).

*Ultra vires* claims are only available in the "extremely limited" circumstance where: "(i) the statutory preclusion of review is implied rather than express; (ii) there is no alternative procedure for review of the statutory claim; and (iii) the agency plainly acts in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Yale New Haven Hosp. v. Becerra*, 56 F.4th 9, 27 (2d Cir. 2022).

Plaintiff fails to meet the first and third of these requirements. Starting with the first prong, the Stafford Act plainly and expressly precludes review of FEMA action. *See* 42 U.S.C. § 5148; *discussed supra* Part I. Next, to satisfy the third requirement, Plaintiff must show that "the agency has plainly and openly crossed a congressionally drawn line in the sand." *Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, 786 F. Supp. 3d 647, 692 (S.D.N.Y. 2025). Here, none of what Plaintiff alleges comes even close to the line. Applying shelter offsets and intaking residence data, *see* AC at 4, are actions squarely within the duties delegated to FEMA, namely, administering disaster aid. Moreover, Plaintiff has not, and cannot, point to a specific prohibition in the Stafford Act that FEMA violated through its actions in this case. Therefore, Plaintiff fails to satisfy the third requirement necessary to plead an *ultra vires* claim.[12]

---

[12] Plaintiff also alleges an *ultra vires* violation based on FEMA's purported "ignoring [of] mandatory procedures." AC at 4. As discussed above, however, Plaintiff fails to identify any such mandatory procedures. *See supra* Part I.A.i. In any event, it is well established that an agency acts *ultra vires* only where it acts "contrary to a specific prohibition in a statute," *Becerra*, 56 F.4th at 27, a requirement Plaintiff does not plausibly allege with respect to Defendant's purported failure to follow procedures.

Even liberally construed, Plaintiff fails to plausibly—or even non-frivolously—allege an *ultra vires* claim. The stark and plain incongruity between the first prong in *Becerra* and the text of the Stafford Act makes abundantly clear that there is no possibility of Plaintiff raising a claim. And though the Court views the Amended Complaint less stringently than it does formal pleadings drafted by lawyers, as it must at this stage, *Erickson*, 551 U.S. at 94, the Court finds it "so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear . . . that [this claim is] lacking in merit," *Mendlow*, 86 F. Supp. 2d at 57. Accordingly, the Court dismisses Plaintiff's Claim VIII *sua sponte* with prejudice.

### III.    Leave to Amend

Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). Although Plaintiff does not seek leave to amend the Amended Complaint, for the avoidance of doubt, the Court does not grant him leave to amend further because Plaintiff's claims cannot be cured by amendment and Plaintiff has already had the opportunity to amend his claims.

First, the deficiencies in Plaintiff's claims cannot be cured by amendment. Where "the problem with [a *pro se* plaintiff's] causes of action is substantive[,] better pleading will not cure it," and leave to amend may be properly denied as "futile." *Cuoco v. Moritsugu*, 222 F.3d 99,

20

112 (2d Cir. 2000). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2011). And "denial of leave to amend on the basis of futility may be appropriate where a claim is dismissed [] on sovereign immunity grounds." *Harrison v. New York*, 95 F. Supp. 3d 293, 331 (E.D.N.Y. 2015). The Court concludes that granting leave to amend would be futile because any amendment would not cure the subject matter jurisdiction defects present in Claims I through VII. *See U.S. Underwriters Ins. Co. v. Ziering*, No. 06-cv-1130, 2010 WL 3419666, at *9 (E.D.N.Y. Aug. 27, 2010). Moreover, Plaintiff has no means of remedying his *ultra vires* claim in such a way that would state a claim under Rule 12(b)(6). And while leave to amend should be liberally granted to *pro se* litigants, *see Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013), the Amended Complaint gives no "indication that a valid claim might be stated," *Cuoco*, 222 F.3d at 112; *see also supra* Part II.

Second, Plaintiff has already been granted leave to amend once to address issues raised in FEMA's pre-motion letter, December 8, 2025, Text Order, and because the Court treated allegations raised in the Opposition and Affirmation and Exhibits[13] as though they were part of the formal pleadings, Plaintiff has effectively received several opportunities to amend his complaint. *See McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *2, *15 (E.D.N.Y. June 16, 2022) (considering allegations raised for first time in *pro se* plaintiff's opposition when deciding motion to dismiss and denying leave to amend), *report and recommendation adopted as modified*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022). Therefore, "leave to amend would be

---

[13]     Plaintiff asserts that he filed the Affirmation and Exhibits "in order to accurately reflect the sequence of events relevant to FEMA's eligibility determinations and stated grounds for denial." Aff. & Ex. at 1.

futile because [P]laintiff ha[s] already had [several] bites at the apple and they have proven fruitless." *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-cv-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011).

Accordingly, the Court denies Plaintiff leave to amend, notwithstanding his *pro se* status.

## CONCLUSION

For the reasons set forth above, the Court GRANTS FEMA's motion, ECF No. 12, and DISMISSES Plaintiff's Amended Complaint, ECF No. 10, in its entirety. Claims One through Seven are dismissed without prejudice pursuant to Rule 12(b)(1), and Claim Eight is dismissed with prejudice pursuant to Rule 12(b)(6).

Although Plaintiff did not pay a filing fee because this action was removed to federal court, 28 U.S.C. § 1446, and he has not been granted *in forma pauperis* status by this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this action. The Clerk of Court is also directed to mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 27, 2026

22